(Not for Publication)                                                    (Doc. Nos. 1, 3, 4, 7, 8, 9)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| JAMES GALLAWAY, | : | |
| Petitioner, | : | Civil No. 11-cv-780 (RBK) |
| v. | : | |
| UNITED STATES OF AMERICA, | : | **OPINION** |
| Respondent. | : | |

**KUGLER**, United States District Judge:

Currently before the Court is the motion of Petitioner James Gallaway ("Petitioner") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Respondent United States of America ("Government") submitted a motion to dismiss in response to the Petition. The Court has considered the parties' submissions, and for the reasons set forth below, concludes that Petitioner's motion must be denied.[1]

---

[1] 28 U.S.C. § 2255 provides that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto . . . ." Based on the reasons discussed herein, the Court hereby denies Petitioner's request for an evidentiary hearing, finding that the record in this case conclusively shows that Petitioner is not entitled to relief under 28 U.S.C. § 2255.

I.     **BACKGROUND**

This section 2255 Petition arises out of Petitioner's imprisonment for unlawful possession of a firearm.  On November 26, 2007, Galloway Township police officers received and investigated a report of a driver that was passed out behind the wheel at a traffic intersection.  Presentence Investigation Report ¶ 7. The investigating officer found Petitioner asleep in the driver's seat in the reported intersection.  Id.  Smelling the odor of burnt marijuana emanating from the vehicle, the officer performed a warrantless search of Petitioner's car, which revealed a bag of marijuana.  Id.  The officer then placed Petitioner under arrest, and searched Petitioner incident to his arrest.  Id.  The search of Petitioner's person revealed a Glock handgun, individual bags of heroin, and approximately $1,306 in U.S. currency.  Id. ¶¶ 7-8.

On March 11, 2008, Petitioner was indicted by a federal grand jury on the charge of knowing possession of a firearm[2] in violation of 18 U.S.C. § 922(g).  Id. ¶ 1.  On September 5, 2008, Petitioner filed a suppression motion challenging the warrantless search of his vehicle by the investigating officers.  On November 7, 2008, this Court held a suppression hearing, at the conclusion of which the Court denied Petitioner's suppression motion.  On November 21, 2008, Petitioner entered a plea of guilty to the indictment.  On May 31, 2007, Petitioner was sentenced to serve 90 months in prison.[3]

Petitioner subsequently appealed to the United States Court of Appeals for the Third Circuit.  On September 13, 2010, Petitioner's sentence was affirmed.  On February 14, 2011, Petitioner filed the instant pro se Petition to vacate, set aside, or correct Petitioner's sentence

---

[2] The firearm discovered on Petitioner's person was one loaded Glock, Model 22, .40 caliber handgun.
[3] The advisory guideline range for Petitioner was 110 to 120 months imprisonment.  However, the Court granted a variance to Petitioner based on the nature and circumstances of the offense and Petitioner's history and characteristics.

pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel. All parties having briefed the matter, the Petition is now ripe for review.

## II. STANDARD

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may move before the court that imposed the sentence to vacate, set aside, or correct the sentence if it were imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" To establish a right to habeas corpus relief, a petitioner must demonstrate "a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." U.S. v. DeLuca, 889 F.2d 503, 506 (3d Cir. 1989). Section 2255 is the preferred method for advancing an ineffective assistance of counsel claim. U.S. v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994). A petitioner is entitled to a hearing to determine issues of fact and to make conclusions of law, unless the files and records of the case "conclusively show" that the petitioner is entitled to no relief. 28 U.S.C. § 2255(b).

## III. DISCUSSION

Petitioner argues that he was denied effective assistance of counsel because 1) his trial counsel failed to raise in the motion to suppress that mere odors cannot constitute probable cause to search a vehicle; 2) trial counsel insufficiently challenged the application of U.S.S.G. § 2K2.1(b)(6); 3) trial counsel failed to effectively advocate for Petitioner during the calculation of Petitioner's criminal history; 4) this Court lacked jurisdiction to apply sentencing enhancements to Petitioner. Pet. br. at 3-10. The Government challenges each of these arguments. The Court

finds the Government's positions on each claim to be compelling, and accordingly denies the Petition.

    A.    **Ineffective Assistance of Counsel**

To prevail on a claim of ineffective assistance of counsel, a party must establish 1) deficiency of counsel's performance and 2) prejudice caused by the deficiency. Strickland v. Washington, 466 U.S. 668, 687 (1984). Only the most serious errors constitute deficient performance. Id. (describing errors "so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment"). Prejudice exists only when the defendant is denied a fair trial capable of producing a reliable result. Id.

The first Strickland prong is an objective standard of "reasonableness under prevailing professional norms." Id. at 688. The Constitution requires a fair trial, not some higher quality of legal representation. See id. at 688-89. Thus, the standard is "highly deferential" and there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

The second Strickland prong is a subjective, totality-of-the-circumstances analysis of whether counsel's conduct "actually had an adverse effect on the defense." Id. at 693. A speculative or hypothetical effect is not enough. Id. There must be "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

    1.    **Petitioner's Counsel Was Not Ineffective During Petitioner's Suppression Hearing**

4

Petitioner argues that his trial counsel should have raised in the motion to suppress that mere odors cannot constitute probable cause to search a vehicle.  Pet. br. at 3-5.  The Government responds that Petitioner's counsel was proper in declining to raise this point, because the Court properly decided this issue during the suppression hearing pursuant to the "automobile exception" to the general warrant requirement.  Resp. br. at 5-8.

The Court finds Petitioner's position untenable.  "It is well settled that the smell of marijuana alone, if articulable and particularized, may establish not merely reasonable suspicion, but probable cause" to stop and search a car.  United States v. Ramos, 443 F.3d 304, 308 (3d Cir. 2006) (citing United States v. Humphries, 372 F.3d 653, 658 (4th Cir.2004)).  During the suppression hearing, the Court found the investigating officer's testimony that he had smelled the odor of burnt marijuana emanating from Petitioner's parked car.  The odor of burnt marijuana then provided the investigating officer with probable cause for the warrantless search.  The warrantless search led to the discovery of marijuana in the car, which provided the probable cause for Petitioner's arrest.  Petitioner was then properly searched subsequent to arrest, during which time the offending firearm was found on Petitioner's person.  Therefore, this Court finds no error during the suppression hearing.

### 2. Petitioner's Counsel Sufficiently Challenged the Application of U.S.S.G. § 2K2.1(b)(6)

Petitioner further asserts that his counsel was ineffective for failing to properly challenge the application of U.S.S.G. § 2K2.1(b)(6).  Pet. br. at 5-8.  Specifically, Petitioner insists that his right to a jury trial was violated due to the absence of both a jury finding and Petitioner's own admission of the facts supporting the enhancement.  Id. at 5-6.  Petitioner's claim lacks legal merit.  The Third Circuit has held that "findings of fact relevant to the Guidelines need not be

5

submitted to the jury." United States v. Grier, 475 F.3d 556, 564 (3d Cir. 2007). Furthermore, "the right to proof beyond a reasonable doubt does not apply to facts relevant to enhancement under an advisory Guidelines regime." Id. at 565. Here, the Court found by a preponderance of the evidence the facts relevant to Petitioner's enhancement under U.S.S.G. § 2K2.1(b)(6). Because this finding of fact was proper under established law, Petitioner could have suffered no prejudice from his counsel's failure to challenge the Court's finding of fact.

### 3. Petitioner's Counsel Was Not Ineffective During the Calculation of Petitioner's Criminal History

Petitioner next asserts that his "trial counsel had rendered ineffective assistance of counsel by failing to ask this Honorable [C]ourt to use the common sense approach in determining whether an unlisted offense for marijuana is similar to an offense listed in subdivision 4A1.2(c)(1)(A) or 4A1.2(c)(1)." Pet. br. at 8. Essentially, Petitioner claims that his two prior convictions for marijuana possession should not have been considered by the Court in increasing Petitioner's prior offense level by two points. See id. Petitioner argues that his counsel's failure to argue this point before the Court constituted ineffective assistance of counsel. See id. Petitioner's argument misconstrues the law.

U.S.S.G. § 4A1.2(c)(1) provides that certain misdemeanor and petty offenses are excluded from the calculation of a defendant's offense level. However, marijuana possession is not one of the explicitly excluded offenses, nor is it similar to one of the listed offenses. See United States v. Buckner, 155 Fed.Appx. 67 (3d Cir. 2005). Therefore, the Court properly included Petitioner's prior convictions for marijuana possession in the calculation of Petitioner's prior offense level. Accordingly, Petitioner could not have suffered prejudice from his trial counsel's failure to argue this point before the Court.

### 4. This Court Had Jurisdiction to Apply Sentencing Enhancements to Petitioner

Petitioner finally claims that this Court lacked jurisdiction to apply sentencing enhancements to Petitioner.  In particular, Petitioner claims that 18 U.S.C. § 3231 only grants the district courts jurisdiction over "the laws of the United States," and that the sentencing guidelines are not "laws."  See Pet. br. at 9-10.  This claim is misguided.

18 U.S.C. § 3553(a)(4)(A) states that "[t]he court, in determining the particular sentence to be imposed, shall consider . . . the *sentencing range* established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the *guidelines* . . . ." Id. (emphasis added).  Moreover, the Third Circuit has held that sentencing courts "must continue to calculate a defendant's Guidelines sentence" as the first of three steps in the "ordinary sentencing process."  United States v. Ali, 508 F.3d 136, 142 (3d Cir. 2007). Accordingly, the Court finds no legal merit in Petitioner's jurisdictional argument.

Finally, in calculating Petitioner's Guidelines sentence, this Court considered factors in Petitioner's favor, such as the nature and circumstances of the offense and Petitioner's individual characteristics.  This Court's individualized analysis of Petitioner's sentence, combined with Petitioner's trial counsel's zealous advocacy, ultimately resulted in a sentence for Petitioner that was 20 months below the applicable advisory Guideline range.  Accordingly, the Court finds that Petitioner's claims of ineffective assistance of counsel must fail.

### B. Certificate of Appealability

Finally, the Court assesses whether a certificate of appealability should issue.  A litigant may not appeal from a final order in a proceeding under 28 U.S.C. § 2255 without a certificate of appealability.  28 U.S.C. § 2253(c)(1)(B).  The Local Appellate Rules for the Third Circuit state:

> At the time a final order denying a petition under 28 U.S.C. § 2254 or § 2255 is issued, the district judge will make a determination as to whether a certificate of appealability should issue . . . . If an order denying a petition under § 2254 or § 2255 is accompanied by an opinion or a magistrate judge's report, it is sufficient if the order denying the certificate references the opinion or report.

L. App. R. 22.2.

A certificate of appealability shall not issue unless there is a "substantial showing of the denial of a constitutional right." 28. U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Petitioner's claims here are based on a purported denial of his Sixth Amendment right to effective counsel. Based on the analysis above, the Court finds that Petitioner's claims are without merit under well established rules of law. Reasonable jurists would agree that in each of Petitioner's claims of error, he either did not show that his counsel's actions were unreasonable or he did not show that he suffered any prejudice. Therefore, the Court shall not issue a certificate of appealability.

IV.     **CONCLUSION**

For the foregoing reasons, the Petition is **DENIED**. The Court **SHALL NOT ISSUE** a certificate of appealability. An appropriate Order shall follow.


Date:  11/28/11                                                                  /s/ Robert B. Kugler
                                                                                 ROBERT B. KUGLER
                                                                                 United States District Judge

8